UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNETTE SHANDS,

Plaintiff,

v.

LAKELAND CENTRAL SCHOOL
DISTRICT, et al.,

Defendants.

No. 15-CV-4260 (KMK)

OPINION & ORDER

Appearances:

Annette Shands
Cortlandt Manor, NY
*Pro Se Plaintiff*

Denise M. Cossu, Esq.
James A. Randazzo, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

Pro se Plaintiff Annette Shands ("Plaintiff") filed the instant Action pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, the New York City Human Rights Law ("NYCHRL"), and the New York State Education Law against the Lakeland Central School District ("School District"), George E. Stone ("Stone"), Tammy Cosgrove ("Cosgrove"), Mary Ellen Herzog ("Herzog"), Jim Van Develde ("Van Develde"), Jean Miccio ("Miccio"), and Raymond Morningstar ("Morningstar," and collectively, "Defendants"), alleging that Defendants discriminated against her on the basis of her age, sex, and race, and violated the Education Law

by drafting a vacancy announcement in such a way that it favored certain candidates.  (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 6).)  Before the Court is Defendants' Motion To Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 44.)  For the reasons explained herein, Defendants' Motion is denied in part and granted in part.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Second Amended Complaint, the documents appended thereto, and the filings Plaintiff submitted in opposition to the instant Motion, and are taken as true for the purpose of resolving the Motion.

Plaintiff alleges that she is an African American over the age of 65 and is "duly qualified to be employed as an [a]dministrator within the school systems of the State of New York." (SAC ¶ 1.)  She earned her permanent teaching certification in February 1995.  (*Id.* ¶ 4; *id.* Ex. A.)

In May 2014, Plaintiff became aware of an Assistant Principal position with the School District.  (*Id.* ¶ 5.)  She went to a School District facility on May 16, 2014 and inquired about the position, but was told that the application window might be closed that day.  (*Id.* ¶ 6.)  Plaintiff was further told that she was not within the School District's database of persons listed as having permanent certifications and that only persons in that database would be considered for the Assistant Principal position.  (*Id.* ¶ 7.)  Plaintiff left the facility and applied for the position online.  (*Id.* ¶ 9; *id.* Ex. C, at 1.)  Prior to submitting the application, Plaintiff verified with the New York State Department of Education that she was listed in the state's database as having permanent certification as an administrator.  (*Id.* ¶ 9.)

During the application process, Plaintiff noticed that the vacancy announcement stated that a successful candidate would have a "background in middle school education." (*Id.* ¶ 10 (internal quotation marks omitted); *id.* Ex. B.)  Plaintiff alleges that this requirement "violates and effectively alters the New York State requirement for permanent certification as an administrator which accepts any teaching experience for a stated number of years in grades Nursery/Kindergarten (N/K) through 12." (*Id.* ¶ 11.)  Essentially, she contends that the School District limited the pool of candidates for the middle school Assistant Principal position to "only those with middle school experience, thus depriving those candidates, including [her]," "with little or no middle school experience," but "with comparable administrative experience in other school settings[,] . . . [of] the opportunity to be employed." (*Id.* ¶¶ 13, 15.)  This requirement also allegedly favors applicants younger than Plaintiff because middle school administrative certification became available only after Plaintiff earned her permanent certification.  (*Id.* ¶ 16.)

Plaintiff was not hired for the Assistant Principal position.  According to Plaintiff, "there is absolutely no evidence to suggest that . . . [her] application or cover letter w[ere] given any consideration." (Pl.'s Aff'n in Opp'n to Defs.' Mot. ("Pl.'s Aff'n") 2 (Dkt. No. 47).)  A "younger, less-experienced[,] and less qualified Caucasian male was" ultimately hired.  (Pl.'s Aff'n 3; *see also* SAC ¶¶ 17–18.)  Because she was not hired, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  It issued a notice of right to sue letter in February 2015.  (SAC Ex. C, at 2.)

B.  Procedural Background

Plaintiff filed a Complaint on May 26, 2015.  (Dkt. No. 2.)  On June 10, 2015, Plaintiff filed an Amended Complaint.  (Dkt. No. 4.)  The instant Second Amended Complaint was filed on June 18, 2015.  (Dkt. No. 6.)  Pursuant to a Scheduling Order, (Dkt. No. 43), Defendants filed

their Motion and supporting papers on March 31, 2016, (Dkt. Nos. 44–46).  Plaintiff filed

opposition papers on May 12, 2016.  (Dkt. Nos. 47–48.)  Defendants filed a reply on June 3,

2016.  (Dkt. No. 51.)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of

his [or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (alteration omitted).  Instead, the Supreme Court has emphasized that "[f]actual

allegations must be enough to raise a right to relief above the speculative level," *id.*, and that

"once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint," *id.* at 563.  A plaintiff must allege "only enough

facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  But if a plaintiff has "not

nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be

dismissed."  *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.  But where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second

alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))).

For purposes of Defendants' Motion, the Court is required to consider as true the factual

allegations contained in the Second Amended Complaint.  *See Ruotolo v. City of New York*, 514

F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint

pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all

reasonable inferences in the plaintiff's favor." (internal quotation marks and italics omitted));

*Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008) (same).  "In adjudicating a

Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of

the complaint, in documents appended to the complaint or incorporated in the complaint by

reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank*

*of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

Because Plaintiff is proceeding pro se, the Court construes her "submissions . . .

liberally" and interprets them "to raise the strongest arguments that they *suggest*."  *Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

Furthermore, it is appropriate to consider "materials outside the complaint to the extent that they

are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907,

2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted),

including "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No.

09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010); *see also Walker v. Schult*,

717 F.3d 119, 122 n.1 (2d Cir. 2013) (noting that a court may consider "factual allegations made

by a pro se party in his papers opposing the motion" (italics omitted)); *Rodriguez v. Rodriguez*,

No. 10-CV-891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the [c]ourt is

typically confined to the allegations contained within the four corners of the complaint, when

analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained

in a pro se litigant's opposition papers and other court filings." (citation and internal quotation

marks omitted)).

## B.  Analysis

Defendants make four arguments in support of their Motion.  First, they contend that Plaintiff failed to exhaust her Title VII claim.  They have attached the charge Plaintiff submitted to the EEOC as evidence of her failure.  (*See* Decl. of James A. Randazzo, Esq., in Supp. of Defs.' Mot. To Dismiss Ex. 2 ("EEOC Charge") (Dkt. No. 45).)  Second, they argue that Plaintiff's claims against the individual Defendants must be dismissed because neither Title VII nor the ADEA subjects individuals to personal liability.  Third, Defendants argue that the Motion should be granted because the School District had a legitimate, nondiscriminatory reason for not hiring Plaintiff.  Finally, they argue that Plaintiff's Education Law claim must be dismissed because Plaintiff did not serve the School District with a notice of claim, as is required by statute.

### 1.  Exhaustion of Administrative Remedies

"A plaintiff may bring an employment discrimination action under Title VII or the ADEA only after filing a timely charge with the EEOC or with 'a State or local agency with authority to grant or seek relief from such practice.'"  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82–83 (2d Cir. 2001) (quoting 42 U.S.C. § 2000e-5(e)); *see also* 29 U.S.C. §§ 626(d), 633(b) (provisions containing ADEA exhaustion requirement).  "Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court."  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (internal quotation marks omitted).  The Second Circuit has, however, recognized that "claims . . . not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency."  *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999).

"A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir. 2001) (internal quotation marks omitted).  The Second Circuit has advised that the focus of the inquiry "should be on the factual allegations made in the EEOC charge itself" and whether they "gave that agency adequate notice to investigate" the claims subsequently asserted in federal court. *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (per curiam) (alteration and internal quotation marks omitted).[1]

"Defendants bear the burden of proving a failure to exhaust . . . ." *Kane v. St. Raymond's Roman Catholic Church*, No. 14-CV-7028, 2015 WL 4270757, at *5 (S.D.N.Y. July 13, 2015). Courts therefore generally deny motions to dismiss for failure to exhaust unless the failure "is clear from the face of the complaint." *Arnold v. Research Found. for State Univ. of N.Y.*, — F. Supp. 3d —, 2016 WL 6126314, at *8 (E.D.N.Y. Oct. 20, 2016).  However, on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may consider EEOC filings because "they are public documents" and are "integral to Plaintiff's claims." *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010); *see also Kouakou v. Fideliscare N.Y.*, 920 F. Supp. 2d 391, 394 n.1 (S.D.N.Y. 2012) ("Because the EEOC [c]harge is part of an administrative proceeding, the [c]ourt may take judicial notice of it without converting [the] [d]efendant's motion into a motion for summary judgment."); *McLeod v. Lowe's Home Improvement*, Nos. 09-CV-834, 09-CV-835, 2010 WL 4366901, at *2 n.2 (N.D.N.Y. Oct. 28,

---

[1] The "reasonably related" exception "is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [s]he is suffering." *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (alteration and internal quotation marks omitted).

2010) ("On [a] Fed. R. Civ. P. 12(b)(6) motion, the [c]ourt may properly consider the EEOC charges and right-to-sue notices because they are public documents in administrative proceedings and are integral to [the] plaintiff's claims.").

Plaintiff filed a charge with the EEOC ("EEOC Charge") in October 2014 alleging that the School District discriminated against her on the basis of age. (EEOC Charge 1.) She alleged that she went to a School District facility on May 16, 2014 and inquired about open positions. A woman, who "appeared to be African-American," showed her the bulletin board where open positions were posted. (*Id.* at 2.) Plaintiff expressed interest in an announcement for an Assistant Principal position at Copper Beech Middle School and gave the employee helping her a copy of her resume. (*Id.*) The employee went back to an office to determine whether Plaintiff was on the School District's list of certified teachers. (*Id.*) The employee was unable to locate Plaintiff on the list, rendering her ineligible for the Assistant Principal position. Plaintiff insisted that she was certified and stated that she would apply for the position anyway. (*Id.*) Plaintiff went home and called the Division of Teacher Certification in the New York State Department of Education to find out whether she was listed on its website as being certified. (*Id.*) The person she spoke to allegedly told her that she was listed on the website. (*Id.*)

Noticeably absent from these allegations is Plaintiff's race or any indication that the School District discriminated against her because of her race. The only claim asserted in the EEOC Charge is age discrimination. (*See* EEOC Charge 1 (box checked for age discrimination).) "Courts in the Second Circuit have generally held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related." *Wilson v. Southampton Hosp.*, No. 14-CV-5884, 2015 WL 5124481, at *11 (E.D.N.Y. Aug. 28, 2015)

(internal quotation marks omitted).  Indeed, courts have consistently found that claims of race discrimination are not reasonably related to age discrimination claims.  *See, e.g.*, *D'Amato v. Conn. Bd. of Pardons & Paroles*, No. 12-CV-249, 2013 WL 617047, at *4 (D. Conn. Feb. 19, 2013) (holding that the plaintiff's Title VII claim was barred because it was not reasonably related to the age and disability discrimination claims brought before the EEOC); *Pinkard v. N.Y.C. Dep't of Educ.*, No. 11-CV-5540, 2012 WL 1592520, at *8 (S.D.N.Y. May 2, 2012) ("Courts have consistently held that discrimination claims based on age, sex, or disability are not reasonably related to claims based on race or color, and vice versa." (italics omitted)); *James v. Fed. Reserve Bank of N.Y.*, No. 01-CV-1106, 2005 WL 1889859, at *5 (E.D.N.Y. Aug. 8, 2005) ("[The] [p]laintiff's race discrimination claim is not reasonably related to the disability, age, and gender discrimination charges she raised before the EEOC."), *reconsideration granted*, 471 F. Supp. 2d 226 (S.D.N.Y. 2007).  These decisions flow from the idea that a plaintiff's age discrimination claim is not "expected to uncover discrimination related to race."  *Kittrell v. Dep't of Citywide Admin. Servs. Div. of Pers.*, No. 10-CV-2606, 2013 WL 2395198, at *7 (E.D.N.Y. May 31, 2013), *aff'd*, 561 F. App'x 30 (2d Cir. 2014).  Plaintiff counters that she "exercised her liberty to broaden the charge of discrimination which was originally based on age when filed" with the EEOC, (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. ("Pl.'s Opp'n") 7 (Dkt. No. 48)), but she has made no attempt to demonstrate how her race discrimination claim is reasonably related to the age discrimination claim brought before the EEOC.  The Court thus concludes that Plaintiff's race discrimination claim is not reasonably related to her age discrimination claim and must be dismissed for failure to exhaust administrative remedies.

It is now too late for Plaintiff to exhaust her Title VII claim.  *See Roth v. Farmingdale Pub. Sch. Dist.*, No. 14-CV-6668, 2016 WL 767986, at *6 (E.D.N.Y. Feb. 26, 2016) (explaining

that plaintiffs have 300 days from the discriminatory conduct to file an administrative charge).

Accordingly, Plaintiff's Title VII race discrimination claim is dismissed with prejudice.  *See Best*

*v. Duane Reade Drugs*, No. 14-CV-2648, 2014 WL 5810105, at *5 (S.D.N.Y. Nov. 6, 2014)

(dismissing discrimination claim with prejudice because it was "far too late" to exhaust

administrative remedies).[2]

### 2.  The ADEA

The ADEA provides in part that "[i]t shall be unlawful for an employer . . . to fail or

refuse to hire . . . any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).

The statute limits the class of persons protected by this prohibition "to individuals who are at

least 40 years of age."  *Id.* § 631(a).  "To establish a prima facie case [of age discrimination], a

plaintiff . . . must show (1) that she was within the protected age group, (2) that she was qualified

for the position, (3) that she experienced adverse employment action, and (4) that such action

occurred under circumstances giving rise to an inference of discrimination."  *Bucalo v. Shelter*

*Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (internal quotation marks

omitted).[3]

As to the third prima facie factor, "[i]n the context of a claim for discrimination under the

ADEA, 'a plaintiff sustains an adverse employment action if he or she endures a materially

---

[2] In her opposition papers, Plaintiff asserts that she was discriminated against on the basis of her sex in violation of Title VII.  (*See* Pl.'s Opp'n 3.)  For substantially the same reasons stated above, this claim is dismissed with prejudice because it was not raised before the EEOC, nor is it reasonably related to the age discrimination claim that was.  *See Roth*, 2016 WL 767986, at *6 (finding the plaintiff's sex discrimination claim was not reasonably related to his claims that he was discriminated against on the basis of his age, marital status, and arrest record).

[3] Ultimately, a plaintiff bringing an ADEA claim "must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action."  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

adverse change in the terms and conditions of employment.'" *Visco v. Brentwood Union Free Sch. Dist.*, 991 F. Supp. 2d 426, 436 (E.D.N.Y. 2014) (alteration and some internal quotation marks omitted) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007)). "The Second Circuit has applied this definition broadly to include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." *Graham v. Watertown City Sch. Dist.*, No. 10-CV-756, 2011 WL 1344149, at *6 (N.D.N.Y. Apr. 8, 2011) (internal quotation marks omitted).

As to the fourth prima facie factor, "[t]here are a variety of ways in which a plaintiff can demonstrate that the adverse employment action took place under circumstances giving rise to an inference of age discrimination." *Del Valle v. City of New York*, No. 11-CV-8148, 2013 WL 444763, at *4 (S.D.N.Y. Feb. 6, 2013). For example, an inference of age discrimination may be raised where a plaintiff "alleges that she was within the protected class, that she was rejected for a position, and that the position was filled by a person significantly younger than her." *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, at *7 (S.D.N.Y. Apr. 30, 2013) ("*Munoz-Nagel I*") (collecting cases). "An age discrimination plaintiff may also seek to rely on . . . comments or remarks evidencing ageist views, evidence that similarly situated younger employees are treated more favorably than older ones, or statistical evidence demonstrating a pattern of adverse employment actions taken against older employees." *Del Valle*, 2013 WL 444763, at *4 (citations omitted).

A "[p]laintiff need not make out a prima facie case at the pleading stage, and may withstand a motion to dismiss by providing a short and plain statement of the claim that shows that she is entitled to relief and that gives [the] [d]efendant fair notice of the age discrimination claim and the grounds upon which it rests." *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013

WL 6068597, at *1 (S.D.N.Y. Nov. 15, 2013) ("*Munoz-Nagel II*") (italics omitted); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002) ("The prima facie case [requirements are] . . . an evidentiary standard, not a pleading requirement. . . .  This Court has never indicated that the requirements for establishing a prima facie case . . . also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *Kurian v. Forest Hills Hosp.*, 962 F. Supp. 2d 460, 468 (E.D.N.Y. 2013) ("[T]he survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a prima facie case . . . ." (internal quotation marks omitted)); *McManamon v. Shinseki*, No. 11-CV-7610, 2013 WL 3466863, at *6 (S.D.N.Y. July 10, 2013) ("[A]t th[e] pleading stage[, the plaintiff] is not required to demonstrate every element of a prima facie case of age discrimination." (italics omitted)).  However, "[a]lthough a plaintiff need not plead facts to establish a prima facie case of employment discrimination in order to survive a motion to dismiss," courts nevertheless "consider[] the elements of a prima facie case in determining whether there is sufficient factual matter in the [c]omplaint which, if true, give[s] [the] [d]efendant[] fair notice of [the] [p]laintiff['s] employment discrimination claims and the grounds on which such claims rest."  *Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp. 2d 176, 195 (E.D.N.Y. 2010) (italics and internal quotation marks omitted); *see also Sommersett v. City of New York*, No. 09-CV-5916, 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011) ("Although [the p]laintiff need not allege facts sufficient to make out a prima facie case for any of her discrimination claims in her [c]omplaint, the elements thereof provide an outline of what is necessary to render her claims for relief plausible." (italics omitted)); *Barker v. UBS AG*, No. 09-CV-2084, 2011 WL 283993, at *5 (D. Conn. Jan. 26, 2011) ("[E]ven though establishing a prima facie case of age discrimination is not necessary to survive a motion to dismiss, courts do use the

standard as a guidepost when determining whether the plaintiff has provided the defendant with

fair notice of her claim, as required by the Federal Rules of Civil Procedure.").

      Significantly, individuals cannot be held liable for violations of the ADEA. *See, e.g.*,

*Gindi v. Bennett*, No. 15-CV-6475, 2016 WL 3461233, at *3 (E.D.N.Y. June 20, 2016) ("[T]he

ADEA do[es] not permit the imposition of individual liability."), *reconsideration denied*, 2017

WL 58833 (E.D.N.Y. Jan. 5, 2017).  Therefore, Plaintiff cannot sue Defendants Stone, Cosgrove,

Herzog, Van Develde, Miccio, or Morningstar under the ADEA.  This claim is dismissed with

prejudice insofar as it is based upon individual liability.

      With respect to the viability of Plaintiff's ADEA claim against the School District,

Plaintiff alleges that she is over 65 years old, that she is "duly qualified to be employed as an

[a]dministrator within the school systems of the State of New York," (SAC ¶ 1), and that she

applied for an Assistant Principal position with the School District, (*id.* ¶¶ 5, 9), but was not

hired for the position.  Instead, the School District hired someone "younger, less-experienced[,]

and less qualified."  (Pl.'s Aff'n 3.)  These allegations satisfy the elements of a prima facie case.

Plaintiff is a member of a protected class because she is over 40 years of age, was allegedly

qualified for the position to which she applied, was not hired despite her qualifications, and the

person who was hired was allegedly younger and less qualified.  The claim that the person hired

was allegedly less qualified than Plaintiff is sufficient to create circumstances giving rise to an

inference of discrimination.  *Cf. Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 573

(S.D.N.Y. 2010) ("The Second Circuit has continuously held that an inference of discrimination

arises, for purposes of ADEA defendants' summary judgment motions, when an older qualified employee is replaced by someone younger.").[4]

Defendants have made little effort to dispute that Plaintiff has pled a prima facie case of discrimination.  Instead, they argue: "Even assuming arguendo that Plaintiff has sufficiently pled a prima facie case of race or age discrimination by alleging that she was qualified for the position and that the individual who was hired was white and younger, Plaintiff has also pl[ed] the School District's legitimate, nondiscriminatory reason for not hiring her," i.e., that she lacks a background in middle school education.  (Defs.' Mem. of Law in Supp. of Mot. To Dismiss ("Defs.' Mem.") 6 (Dkt. No. 46) (italics omitted).)  Defendants focus on the fact that Plaintiff alleges that she has "little or no middle school experience."  (SAC ¶ 15.)  But Plaintiff's statement does not alter Plaintiff's allegation that she was qualified for the Assistant Principal position and was overlooked for that position under circumstances giving rise to an inference of discrimination.  The Court's task is to determine whether Plaintiff has "provid[ed] a short and plain statement of the claim that shows that she is entitled to relief and that gives Defendant[s] fair notice of the age discrimination claim and the grounds upon which it rests."  *Munoz-Nagel II*, 2013 WL 6068597, at *1 (italics omitted).  Plaintiff has done all that was required to defeat Defendants' Motion.  While Defendants may believe they had a valid reason for not hiring Plaintiff, and the evidence may substantiate that belief, that argument is best made in a motion

---

[4] Plaintiff submitted a series of documents in opposition to Defendants' Motion.  It appears that she has included the résumé and application of the individual hired for the Assistant Principal position.  (*See* Pl.'s Aff'n ECF pages 57–64.)  At this stage, the Court cannot rely on these documents to compare Plaintiff's qualifications to the qualifications of that individual, but one could question whether Plaintiff will ultimately be able to establish that Defendants discriminated against her based on this document.

for summary judgment.  Accordingly, Defendants' Motion with respect to Plaintiff's ADEA claim is denied with respect to the School District.

### 3.  Plaintiff's State Law Discrimination Claims

In opposition to Defendants' Motion, Plaintiff clarified that she is seeking relief under the NYSHRL, in addition to the ADEA and Title VII, because she was discriminated against on the basis of her age, sex, and race.  (*See* Pl.'s Opp'n 8.)  Age discrimination claims brought pursuant to the NYSHRL are analyzed identically to claims under the ADEA.  *See Brown v. City of New York*, No. 10-CV-3104, 2011 WL 6003921, at *6 n.4 (S.D.N.Y. Nov. 30, 2011) (noting that, "[t]o the extent that [the] plaintiff [sought] to invoke the NYSHRL," the court would "analyze[] such allegations under the same . . . framework" that it used for ADEA claims (collecting cases)), *aff'd*, 512 F. App'x 29 (2d Cir. 2013); *Dixon v. Int'l Fed'n of Accountants*, No. 09-CV-2839, 2010 WL 1424007, at *3 (S.D.N.Y. Apr. 9, 2010) ("Discrimination claims under . . . [the] ADEA . . . [and the] NYSHRL . . . are analyzed identically . . . ." (collecting cases)), *aff'd*, 416 F. App'x 107 (2d Cir. 2011).  Therefore, for the same reasons as stated above, Defendants' Motion is denied insofar as it seeks to dismiss Plaintiff's NYSHRL age discrimination claim against the School District.

With respect to Plaintiff's race and sex claims, unlike Title VII, "the NYSHRL contains no requirement of exhaustion of administrative remedies."  *Butler v. N.Y. Health & Racquet Club*, 768 F. Supp. 2d 516, 536 (S.D.N.Y. 2011) (internal quotation marks omitted); *see also Lumhoo v. Home Depot USA, Inc.*, 229 F. Supp. 2d 121, 136 n.13 (E.D.N.Y. 2002) ("Unlike Title VII, . . . there is no requirement that [the] plaintiff exhaust administrative remedies prior to commencing a claim under the NYSHRL.").  Plaintiff's allegations that she was discriminated against on the basis of race and sex thus remain actionable under state law.  "Because NYSHRL

claims are subject to the same standard as Title VII claims," the Court will analyze Plaintiff's claims as if they were brought pursuant to Title VII. *Salazar v. Ferrara Bros. Bldg. Materials Corp.*, No. 13-CV-3038, 2015 WL 1535698, at *5 (E.D.N.Y. Apr. 6, 2015).

"The substantive standards applicable to claims of employment discrimination under Title VII . . . are . . . well established." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). To state a prima facie case of discrimination, a plaintiff "must show: (1) that [s]he belonged to a protected class; (2) that [s]he was qualified for the position [s]he held; (3) that [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008). As with her ADEA claim, Plaintiff need not allege a prima facie case to survive a motion to dismiss her sex and race discrimination claims. *See, e.g.*, *Swierkiewicz*, 534 U.S. at 508. Rather, the Second Circuit has explained that "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). "The facts required . . . to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination," but rather the alleged facts "need only give plausible support to a minimal inference of discriminatory motivation." *Id.*; *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). Courts making the

plausibility determination must do so "mindful of the elusive nature of intentional discrimination" and the concomitant frequency by which plaintiffs must "rely on bits and pieces of information to support an inference of discrimination, i.e., a 'mosaic' of intentional discrimination." *Vega*, 803 F.3d at 86 (italics and some internal quotation marks omitted) (quoting *Gallagher v. Delaney*, 139 F.3d 338, 342 (2d Cir. 1998)).

Plaintiff has plausibly pled race and sex based NYSHRL claims because she alleges she is a member of protected classes, she was qualified for the Assistant Principal position, but she was not hired for that position. Rather, the School District allegedly hired a less-qualified Caucasian male for the job. (Pl.'s Aff'n 3.) For much the same reasons that Plaintiff's ADEA claim survives Defendants' Motion, Plaintiff's NYSHRL claims also survive against the School District.

Unlike Plaintiff's federal causes of action, the NYSHRL provides for "individual liability in some circumstances." *Anyanwu v. City of New York*, No. 10-CV-8498, 2013 WL 5193990, at *22 (S.D.N.Y. Sept. 16, 2013). "A supervisor may be subject to personal liability under § 296(1) of the NYSHRL where such individual has been deemed an 'employer' for purposes of the NYSHRL." *Maher v. All. Mortg. Banking Corp.*, 650 F. Supp. 2d 249, 260 (E.D.N.Y. 2009); *see also* N.Y. Exec. Law § 296(1). A supervisor may be considered an "employer" where it is shown that he has "an ownership interest or any power to do more than carry out personnel decisions made by others," such as the power to hire and fire employees. *Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 355 (N.D.N.Y. 2010) (internal quotation marks omitted).

Likewise, under § 296(6) of the NYSHRL, an individual defendant may be held personally liable where he aids and abets discrimination. *See* N.Y. Exec. Law § 296(6) ("It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel[,] or coerce the

17

doing of any of the acts forbidden under this article, or attempt to do so."); *see also Maher*, 650 F. Supp. 2d at 260 ("An individual defendant may be personally liable for discrimination under the aid-or-abet provision of the NYSHRL.").  The Second Circuit has interpreted the language of § 296(6) "to mean that a defendant who actually participates in the conduct giving rise to a discrimination claim may be personally liable as an aider and abettor."  *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1160 (E.D.N.Y. 2003) (internal quotation marks omitted).

Plaintiff, however, has not alleged what role, if any, the individually named Defendants played in the conduct about which she complains.  There is thus no basis to hold any of the individually named Defendants liable as aiders and abettors under § 296(6).  It may be that some Defendants possess the power to hire and fire employees, but it is not clear which Defendants possess that authority—whether it be some or all of them—or whether they exercised it in this case.  Indeed, there is not even a single allegation that any of the individual Defendants participated in the conduct giving rise to this Action.  They are all named in the caption of the Complaint, but nowhere else does Plaintiff describe their role.  *See Dargan v. Heath*, No. 10-CV-7360, 2011 WL 1795814, at *4 (S.D.N.Y. May 4, 2011) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (internal quotation marks omitted)).  Therefore, the Court dismisses Plaintiff's NYSHRL claims against the individually named Defendants without prejudice.

In sum, Plaintiff's age, race, and sex based NYSHRL claims may proceed against the School District.  Those claims are dismissed without prejudice insofar as they are brought against the individually named Defendants, because Plaintiff has not pled that they were

18

personally involved in the allegedly discriminatory conduct or identified which Defendants possess the power to hire and fire.

### 4.  Plaintiff's Other Claims

#### a.  NYCHRL Claim

In her opposition papers, Plaintiff contends that she is seeking relief under the NYCHRL. (Pl.'s Opp'n 8.)  "To state a claim under the NYCHRL, [a] [p]laintiff must allege that the [d]efendant discriminated against her within the boundaries of New York City."  *Robles v. Cox & Co.*, 841 F. Supp. 2d 615, 623 (E.D.N.Y. 2012) (internal quotation marks omitted); *see also Fried v. LVI Servs., Inc.*, No. 10-CV-9308, 2011 WL 4633985, at *12 (S.D.N.Y. Oct. 4, 2011) ("The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City."), *aff'd*, 500 F. App'x 39 (2d Cir. 2012).  Plaintiff has not and cannot allege that she was discriminated against within the boundaries of New York City because the School District is located in Shrub Oak, New York, and Plaintiff resides in Cortlandt Manor, New York.  (*See* SAC ¶¶ 1, 6.)  Accordingly, Plaintiff's NYCHRL claim is dismissed with prejudice as an amended pleading cannot remedy this deficiency.

#### b.  New York Education Law Claim

Plaintiff alleges that Defendants violated the New York State Education Law by drafting the Assistant Principal vacancy announcement such that it gave preferential treatment to younger and non-minority applicants.  (*See id.* ¶ 18.)  Defendants argues that this cause of action must be dismissed because Plaintiff failed to serve a notice of claim on the School District.  (Defs.' Mem. 7.)

As relevant here, Education Law § 3813(1) provides:

No action or special proceeding, for any cause whatever, . . . shall be prosecuted or maintained against any school district, board of education, . . . or any officer of a

school district, [or] board of education . . . unless it shall appear by and as an
allegation in the complaint or necessary moving papers that a written verified claim
upon which such action or special proceeding is founded was presented to the
governing body of said district or school within three months after the accrual of
such claim.

*See also Marino v. Chester Union Free Sch. Dist.*, 859 F. Supp. 2d 566, 570 (S.D.N.Y. 2012)

("Section 3813(1) of [the] New York State Education Law provides that no action may be

maintained against a school district unless notice of claim was served within three months of the

date on which the claim accrued.").  It is well settled in the Second Circuit "that Education Law

§ 3813(1) is a statutory condition precedent to a petitioner's bringing of a proceeding against a

school district or board of education, and a petitioner's failure to comply is a fatal defect

mandating dismissal of the action."  *Carlson v. Geneva City Sch. Dist.*, 679 F. Supp. 2d 355, 366

(W.D.N.Y. 2010) (internal quotation marks omitted).  It is Plaintiff's burden to plead compliance

with § 3813(1)'s requirements.  *See Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 360

(E.D.N.Y. 2013) ("[Section 3813(1)] specifically requires a plaintiff to plead compliance with

§ 3813(1)'s notice of claim requirements.").

Plaintiff has not pled that she served the School District with a notice of claim.

Accordingly, her Education Law claim is dismissed without prejudice as she may be able to

allege that she did satisfy this requirement in an amended pleading.  *See Birkholz v. City of New

York*, No. 10-CV-4719, 2012 WL 580522, at *15 (E.D.N.Y. Feb. 22, 2012) (directing the

plaintiff to file an amended complaint alleging that he "strictly complied with the requirements

of New York Education Law § 3813(1)").[5]

---

[5] Curiously, Defendants only make this argument with respect to Plaintiff's Education
Law claim.  The Court assumes that Plaintiff satisfied the notice of claim requirements with
respect to her other state-law causes of action.

<u>c.  42 U.S.C. § 1983 Claim</u>

In her opposition papers, Plaintiff insinuates that Defendants have in place a discriminatory hiring practice that goes beyond the events that occurred in May 2014.  She contends she has been consistently discriminated against on prior occasions.  (Pl.'s Opp'n 2.)  When she has gone to the School District's office in the past, employees discouraged her from applying for vacant positions and informed her that her credentials were not contained in the School District's database, rendering her ineligible for the positions.  (*Id.*)  Plaintiff notes that this discrimination occurs only when she seeks to apply for an administrative position.  Whenever she inquired about substitute teaching positions, School District employees were able to locate her credentials.  (*Id.* at 6–7.)  Plaintiff speculates that the School District's employees adopted this practice so Plaintiff would be relegated to low-paying jobs.  (*Id.* at 7.)  The Court construes these allegations as an attempt to bring a claim pursuant to 42 U.S.C. § 1983 against the individual Defendants for a violation of the Equal Protection Clause of the Fourteenth Amendment.[6]

---

[6] It is possible that Plaintiff also sought to assert a § 1983 claim against the School District for this same conduct because she alludes to the fact that this conduct "indicates a discriminatory hiring policy in violation of the law."  (Pl.'s Opp'n 2.)  "[T]o prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."  *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).  Plaintiff's papers, however, contain only a conclusory allegation that the School District employees were acting pursuant to an official School District policy.  This claim is therefore dismissed without prejudice.  *See Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 546 (S.D.N.Y. 2015) ("[T]o survive a motion to dismiss, [a] [p]laintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." (internal quotation marks omitted)); *Salvatierra v. Connolly*, No. 09-CV-3722, 2010 WL 5480756, at *10 (S.D.N.Y. Sept. 1, 2010) (dismissing claim against municipal agencies where the plaintiff did not allege that any policy or custom caused the deprivation of his rights), *adopted by* 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011).

"In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). "In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [§] 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). A plaintiff seeking to hold a supervisory employee liable under § 1983 may satisfy the personal involvement requirement by alleging:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). It is an open issue in this Circuit as to whether all five of these factors survived the Supreme Court's decision in *Iqbal*, *see, e.g.*, *Doe v. New York*, 97 F. Supp. 3d 5, 11–12 (E.D.N.Y. 2015), but the Court will assume for purposes of this Opinion that all five remain valid, *see Phillip v. Schriro*, No. 12-CV-8349, 2014 WL 4184816, at *4 (S.D.N.Y. Aug. 22, 2014) ("[U]nless or until the Second Circuit or Supreme Court rule otherwise, this [c]ourt agrees with the courts that have held that the *Colon* factors still apply as long as they are consistent with the requirements applicable to the particular constitutional provision alleged to have been violated." (internal quotation marks omitted)). Here, however, Plaintiff has not alleged the personal involvement of any of the individual Defendants named in this Action. She alleges only that certain unidentified School District employees discouraged her from applying for open positions and were unable to locate her teaching credentials. Without alleging that the Defendants named herein were personally

involved with this purportedly discriminatory practice, Plaintiff cannot state a claim pursuant to § 1983. *See, e.g., Walls v. Fischer*, 615 F. Supp. 2d 75, 76 (W.D.N.Y. 2009) (dismissing § 1983 claim where the plaintiff failed to alleged that the individually named defendants were personally involved in the alleged constitutional violation). Therefore, to the extent Plaintiff was attempting to raise such a claim, it is dismissed without prejudice.

## III. Conclusion

In light of the foregoing analysis, the Court grants Defendants' Motion To Dismiss in part and denies it in part. Plaintiff's ADEA and age, race, and sex based NYSHRL claims may proceed against the School District. All other claims are dismissed; some with prejudice and some without, as discussed above. Plaintiff may file a Third Amended Complaint, addressing the deficiencies outlined in this Opinion with respect to the claims that have been dismissed without prejudice, within 30 days of the date of this Opinion. Plaintiff otherwise risks dismissal of those claims with prejudice. If Plaintiff does not file an amended pleading, the School District shall file an Answer within 60 days from the date of this Opinion. The Clerk of Court is directed to terminate the pending Motion. (Dkt. No. 44.)

SO ORDERED.

DATED:     March 30, 2017
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

23