MANDATE

18-2172
*Shands v. Lakeland Central School District, et al.*

MANDATE ISSUED ON 07/29/2019

Case 7:15-cv-04260-KMK   Document 99   Filed 07/29/19   Page 1 of 4
Case 18-2172, Document 118, 07/29/2019, 2619617, Page1 of 4

N.Y.S.D. Case #
15-cv-4260(KMK)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand nineteen.

Present:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 29 2019

---

ANNETTE SHANDS,

> *Plaintiff-Appellant*,

v.                                                                                                            18-2172

LAKELAND CENTRAL SCHOOL DISTRICT,
DR. TAMMY COSGROVE, ASSISTANT
SUPERINTENDENT OF HUMAN RESOURCES,

> *Defendants-Appellees*.*

---

For Plaintiff-Appellant:          ANNETTE SHANDS, *pro se*, Cortlandt Manor, NY.

For Defendants-Appellees:     JAMES A. RANDAZZO, (Drew W. Sumner, *on the brief*), Portale Randazzo LLP, White Plains, NY.

---

* The Clerk of Court is respectfully requested to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Annette Shands, *pro se*, appeals from the July 5, 2018 decision and order of the United States District Court for the Southern District of New York (Karas, *J.*) granting summary judgment to the Lakeland Central School District and its Assistant Superintendent of Human Resources, Dr. Tammy Cosgrove (collectively, the "Defendants"), on her discrimination claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; the Fourteenth Amendment Equal Protection Clause; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor. *See, e.g. Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). We construe Shands's *pro se* submissions liberally, and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

Shands, an African-American woman over the age of sixty-five, filed the present action on May 26, 2015, following Defendants' failure to hire her for the position of Assistant Principal at Lakeland Copper Beach Middle School. Shands applied for the Assistant Principal position in May 2014, and was one of over 300 applicants. Pointing to her prior experience as a pastor and schoolteacher, Shands contends that the Defendants discriminated against her on the basis of her age, race, and gender in declining to recommend and hire her for the position.

All of Shands's discrimination claims proceed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (applying the framework to a discrimination claim brought under the ADEA); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (NYSHRL); *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (equal protection claim under § 1983). Pursuant to this framework, if the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the employer successfully makes such a showing, the burden shifts back to the plaintiff to show that the employer's nondiscriminatory reasons are a pretext for discrimination. *Id*. at 804–05. With regard to her ADEA claim, Shands has the added burden of establishing that age was the "but-for" cause of the discrimination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

After reviewing the record, we conclude that the district court properly granted summary judgment to Defendants on all of Shands's discrimination claims. While Shands may have established a *prima facie* case of discrimination, Defendants sufficiently established legitimate, non-discriminatory reasons for the decision to hire their preferred candidate, Francesco Ruolo.

Specifically, they produced evidence of his years of experience as an assistant principal and knowledge of the Common Core system, a qualification for which they had advertised. Shands, whose most recent employment by a school district was as a substitute teacher in 2002, has not presented evidence that the Defendants' decision not to hire her was due to discriminatory animus rather than their asserted justifications. Although Shands points to various difficulties she encountered in submitting her application, she offers no evidence that Defendants intentionally created obstacles to prevent her from filing a successful application, let alone that they did so because of her age, race, or gender. And while Shands argues that her experiences in public education and teaching more broadly are more extensive and valuable than Ruolo's, we "do not sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (internal quotation marks omitted). We certainly cannot say that Shands's credentials are "so superior . . . that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over [her]." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001). In sum, Shands's subjective disagreement with Defendants' assessment of her qualifications cannot sustain a claim of discrimination under the ADEA, Title VII, NYHRL, or § 1983.

We have considered all of Shands's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit