**MEMO ENDORSED**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANNETTE SHANDS,
               Plaintiff,

v.

LAKELAND CENTRAL SCHOOL
DISTRICT, et al.,
               Defendants.
_____

No. 15-CV-4260 (KMK)

MOTION FOR MISTRIAL

TO THE HONORABLE JUDGE KENNETH M. KARAS:

**Due to serious prejudicial misconduct in the proceedings in the matter of <u>Shands v. Lakeland Central School District, et al.,</u> I move for a Mistrial on the following grounds:**

1. **There was a Breach.** The court proceedings failed to acknowledge the letter of agreement to have Lakeland Central School District pay me for violating my rights through repeated* use of discriminatory hiring practices. Such discriminatory hiring practices fall under the heading of *evasive techniques to effect discrimination.* In the 1950's during the Eisenhower Administration *evasive techniques to effect discrimination* were ruled "discriminatory" and "unconstitutional," largely due to the efforts of Senator Paul H. Douglas of Illinois who was in office from 1949 through 1967.**

1

2. **There was interference with my right to legal assistance and representation.** The court proceedings failed to acknowledge multiple attempts by the opposing counsel to interfere with my right to legal assistance and representation. Said counsel stopped a lawyer on the staff of a walk-in legal clinic which I was attending from having me fill out forms to claim damages. Said forms would have been then forwarded by the legal aid counsel to the opposing firm. After the opposing counsel's interference, the law clinic was subsequently staffed with different lawyers. These lawyers were unwilling to assist me, and used my lack of appointment as their reason not to do so. (Albeit it was a walk-in clinic and appointments were not required). When I pointed out that I had been attended to on prior occasions without such requirement, the response was, "Well, we have clients with appointments and we are going to see them and not you since you do not have an appointment."

On those occasions I would counter with, "They are not here. Why don't you see me until they arrive?" Or, "Tell me a time to return." However, both of my requests would be denied with, "I can't do that." Even before any of this discussion took place, I would be asked to sign a form that verified my having been in attendance on that day. My signature was to attest that the clinic had serviced me. However, the extent of its

service to me was limited to my statements herewith. As time progressed, the only assistance which the clinic provided to me was how to respond to Local Rule 56.1 and its 265 items which the opposing attorney presented to me.

3. **There was a cover-up.** The opposing counsel approached the *pro bono* attorney whose work on my behalf was limited to Deposition to let him know that his efforts would come to naught: Any findings that the deposition brought forth regarding the *pro bono* attorney's focus upon Lakeland Central School District's "Response" to the Equal Employment Opportunity Commission (EEOC) and the defendant's admitting to having made false statements in the "Response" would be limited to litigation in trial due to the magistrate judge's "Confidentiality Stipulation and Order," and in this case, there would be no trial.

4. **There was the admission of false statements on the part of the defendant.** In her deposition, the defendant admitted submitting pejorative information about me that was false in the statement to EEOC.

5. **The magistrate judge strayed from proper behavior. She announced her bias, but did not recuse herself from the bench:** The magistrate judge announced her bias, saying that she and the opposing attorney were friends and had worked together for a number of years.

3

6. **The magistrate judge conferred with the opposing attorney about me in my absence:** She told me that she had conferred with the opposing attorney upon receipt of my "Revised Privilege Log."*** I appreciated her confession; however, I did not appreciate her doing what she did.

7. **The court proceedings gave a pejorative presentation of me, my abilities, my candidacy.** Throughout the proceedings regarding <u>Shands v. Lakeland Central School District, et al.</u>, my fifty plus years of experience in education and administration were pitted against a 38-year old candidate whose experience as an administrator at the middle school level at the time of the vacancy was perhaps four (4) years as opposed to my eleven plus (11+) years in the administration of middle school students. I earned a doctorate in education from New York University, the equivalent of a doctorate from the State University of New York at New Paltz, a masters from Teachers College, Columbia University, a masters from Drew University and a bachelors degree from Ball State University. However, the chosen candidate was a student at three of the colleges where I was on the faculty.

**The matter of <u>Shands v. Lakeland Central School District, el al.</u> was engulfed in a preponderance of serious prejudicial misconduct in its proceedings. I am**

**seeking legal representation and intervention at the district and/or appellate level/s as appropriate for a mistrial and possible retrial. The statute of limitations marks July 29, 2022, as a deadline.**

---

\*When seeking employment within Lakeland Central School District in 2004, and again in 2014, I encountered *evasive techniques to effect discrimination.*

\*\*In the 1950's my father, in helping Senator Douglas, sent people of color to seek employment at various corporations, chief among them, Borg Warner Gear, and then reported their experiences to the President's Equal Job Opportunity Committee, the forerunner of the Equal Employment Opportunity Commission (EEOC). As a result, those corporations using *evasive techniques to effect discrimination* when hiring were not granted government contracts.

\*\*\*At the time that my "Revised Privilege Log" was received by the magistrate judge, I was seeking damages in the amount of $4,027,142.10 (four million, twenty-seven thousand, one hundred forty-two dollars and ten cents). With further revision, I am now seeking damages in the amount of $3,893,567.10 (three million, eight hundred ninety-three thousand, five hundred sixty-seven dollars and ten cents).

5

**I declare under penalty of law that the foregoing is true and correct.**

Signed this __20__ day of May, 2022

Signature _Annette [signature]_

Address __37 WINTHROP DRIVE__
__CORTLANDT MANOR, NEW YORK__

Telephone __(914) 528-3748__.

Motion for a mistrial is denied. First, there was no trial of this case, as the Court granted Defendants' summary judgment motion. Second, the Second Circuit affirmed the Court's decision to grant summary judgment to Defendants. Third, as a result of the Second Circuit's decision, this case has been closed for nearly three years. The Clerk is to mail a copy of this memo endorsement to Plaintiff.

So Ordered.

_[signature]_

5/23/22

6