RECEIVED JUN 13 2022 PRO SE OFFICE

SOUTHERN DISTRICT OF NEW YORK

ANNETTE SHANDS,
          Plaintiff,

v.

LAKELAND CENTRAL SCHOOL DISTRICT, et al.,
          Defendants.

No. 15-CV-4260 (KMK)

MOTION FOR TRIAL BY JURY

**MEMO ENDORSED**

TO THE HONORABLE JUDGE KENNETH M. KARAS:

    Our Constitution requires a trial when a plaintiff seeks more than twenty dollars in damages. In the matter of **_Shands v. Lakeland Central School District et al.,_** the plaintiff is seeking $3,893,567.10 in damages and more if interest is applied. Therefore, the matter of **_Shands v. Lakeland Central School District et al._** should be brought to trial and not relegated to summary judgment.

Due to the mishandling of this matter and serious prejudicial misconduct in the proceedings in the matter of **_Shands v. Lakeland Central School District et al.,_** I move for a trial by jury based on the following considerations:

    1. The defendants will be able to follow through with the agreement to pay damages rather than breach the agreement to pay damages to the plaintiff for the repeated use of discriminatory hiring practices in 2004, and again in 2014. Albeit

1

such *evasive techniques to effect discrimination* were ruled "discriminatory" and "unconstitutional." in the 1950's during the Eisenhower Administration, the plaintiff encountered these discriminatory practices in this new millennium when she -- being fully qualified and permanently certified to do so by the State of New York -- sought to apply for a position as an administrator in Lakeland Central School District.

2. The particulars in the magistrate judge's "Confidentiality Stipulation & Order" can be realized in a trial but not in a summary judgment, thus making the "Confidentiality Stipulation and Order" other than a cover-up for the false statements, including false pejorative statements about the plaintiff sent to the Equal Employment Opportunity Commission (EEOC) in the school district's "Response" to Charge 520-2014-02948, as admitted in the defendant's Deposition of November 28, 2017.

3. In the process of jury selection, the *pro se* plaintiff will be able to dismiss potential jurors for a show of bias; whereas, she was not able to dismiss the magistrate judge for bias when the judge failed to recluse herself from the bench as required by proper judicial behavior.

4. The defendants will be more likely to abandon *evasive techniques to effect discrimination* and move toward justice and equality in the work force rather than uphold what has been proven to be unjust and unconstitutional.

      I beg the Court to abide by the Constitutional requirement that a trial be held when the plaintiff seeks more than twenty dollars in damages even if doing so means reopening the matter of **_Shands v. Lakeland Central school District et al._** to properly address ongoing discriminatory hiring practices which were ruled "discriminatory" and "unconstitutional" sixty-five years ago.

**I declare under penalty of law that the foregoing is true and correct.**

Signed this __13th__ day of June, 2022

**Denied. As the Court previously stated, "the Second Circuit affirmed the Court's decision to grant summary judgment to Defendants." Thus, the case will remain, as it has been for over three years, closed. The Clerk is respectfully directed to mail a copy of this memo endorsement to Plaintiff.**

**Date: 6/14/2022**

Signature _Annette Doufo_

Address __27 WINTHROP DRIVE CORTLANDT MANOR, NEW YORK__

Telephone __(914) 528-3748__

SO ORDERED

_/s/ Kenneth M. Karas_

KENNETH M. KARAS U.S.D.J.

3